# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

---

ONEBEACON INSURANCE
GROUP,

     Plaintiff,

v.

FNF PROPERTIES LLC, d/b/a
York Ranch,

     Defendant.

No. 10-CV-142-BRB/RLP

---

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

---

Before **BALDOCK**, Circuit Judge.[*]

---

     This matter is before the Court on Defendant FNF Properties' (FNF) well taken motion, pursuant to Fed. R. Civ. P. 55(c), to set aside the default judgment entered herein on June 28, 2010, in favor of Plaintiff OneBeacon Insurance Group (OneBeacon). In brief, the Court *finds* OneBeacon failed to properly effect service on FNF consistent with Fed. R. Civ. P. 4(h). As a result of such failure, the Court never obtained personal jurisdiction over FNF prior to entering a default judgment against it. Necessarily then, that judgment is void.

---

     [*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

I.

According to OneBeacon's complaint, FNF d/b/a/ York Ranch is a defendant in the state action <u>Lee v. FNF Prop., LLC</u>, No. D-0721-CV-2009-075 (Sierra Cnty, NM, filed May 22, 2009).  OneBeacon filed this federal action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, seeking a declaration that, due to a lack of coverage, it has no duty to defend or indemnify FNF against the claims asserted in the state action.  On May 4, 2010, OneBeacon filed in the present action a proof of service of summons and complaint on FNF.   In the affidavit attached to the summons, "Deputy Sheriff" J.F. Jaramillo attests that he served the summons and complaint "on James Leslie this 10th day of April, 2010."  Dkt. # 3, at 2.  The parties agree that James Leslie is the registered agent for service of process on FNF.  When FNF failed to answer or otherwise timely respond to the complaint, OneBeacon moved for a default judgment reciting the above facts.   On May 13, the Clerk of Court entered a "Certificate as to the State of the Record," certifying:

> According to the return made by the deputy sheriff J.F. Jaramillo, . . .
> process was served on James Leslie on April 10, 2010 by personal
> service to James Leslie, manager of York Ranch, in Pie Town, New
> Mexico.  I further certify that no entry of appearance, answer or other
> responsive pleading has been filed by or on behalf of the Defendant in
> my office or of record.

Dkt. # 5, at 1.  On May 21, OneBeacon filed a praecipe again reciting the foregoing facts, and requesting an entry of default against FNF.  Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court on May 24 entered default against FNF.  On June 28, 2010,

2

the Court concluded it had "jurisdiction over the parties hereto and the subject matter hereof," and entered a default judgment against FNF.  Dkt. #11, at 1.  In support of said judgment, the Court expressly found:

> 3.    A copy of the Summons and Complaint were served upon Defendant on April 10, 2010, by service in person made by J.F. Jaramillo, deputy sheriff, on the Defendant by personal service on York Ranch manager, James Leslie, in Pie Town, New Mexico.
>
> 4.    Over thirty days have elapsed since service of process was accomplished.
>
> 5.    On May 24, 2010, the Clerk's Entry of Default was entered in the above-entitled matter.
>
> 6.    Plaintiff is entitled to default judgment against Defendant [FNF, d/b/a/] York Ranch.

Dkt. # 11, at 1–2.

Two days later, on June 30, OneBeacon notified FNF of the default judgment. OneBeacon informed FNF that, pursuant to this Court's judgment, OneBeacon was not responsible for defending FNF in the state action or indemnifying FNF against any loss it might incur as a result of that action.  In a letter addressed to OneBeacon's counsel dated August 7, 2010, FNF's counsel expressed concern "that it was not made aware by OneBeacon of the pendency of this lawsuit until a default judgment was entered" and asked OneBeacon to agree to set aside the judgment:

> This request is made because the default was clearly entered without personal jurisdiction over FNF, due to insufficiency of service of process.  The default judgment entered 6/28/10 recites that the "Summons and Complaint . . . were served upon defendant on April 10, 2010, by service in person made by J.R. Jaramillo, Deputy Sheriff, on

3

the Defendant by personal service on York Ranch Manager, James Leslie, in Pie Town, New Mexico." Based on the documents you have now provided, there is no doubt that One Beacon knows this recitation, contained in the default judgment it prepared, is false.

Dkt. # 16-1, at 1. OneBeacon refused to set aside the judgment. Instead, on August 11, OneBeacon engaged in some revisionist history and filed a second affidavit of service dated, interestingly enough, April 10, 2010, the same date as the first affidavit of service. OneBeacon, absent any explanation whatsoever, filed the second affidavit of service, without leave of Court, 44 days after the Court entered its default judgment against FNF.[1] In that affidavit, "Jimmy Jaramillo, Due Process USA, Inc.," attests:

> That on April 10, 2010 at York Ranch in Pie Town, NM 87827 I served James Leslie with the following documents: Summons and Complaint for Declaratory Relief by then and there personally serving a true and correct copy of the documents into the hands of and leaving with Mr. Thodey, whose relationship to the person being served is Ranch Manager.
>
> That the person having left the documents with stated he was authorized to accept the documents and was explained the general nature of the said documents.

Dkt. #12-1, at 1. Jaramillo further attests that Thodey "resides therein with the person being served and was of suitable age and discretion." Dkt. #12-1, at 1. On October 7, 2010, FNF filed the pending motion to set aside the default judgment.

---

[1] OneBeacon never filed a motion to (1) correct the original judgment's erroneous findings, (2) establish sufficiency of process, and (3) amend the original judgment.

4

II.

FNF has the burden of establishing that the Court's default judgment should
be set aside.  See Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir.
1987).  Under Fed. R. Civ. P. 55(c), the Court in determining whether to set aside a
default judgment should apply the standards for vacating a judgment contained
in Fed. R. Civ. P. 60(b).  Under Rule 60(b)(4), the Court may relieve FNF from the
final judgment if that judgment is void.  Importantly for present purposes:

> A default judgment in a civil case is void if there is no personal
> jurisdiction over the defendant.  And service of process under Fed. R.
> Civ. P. 4 provides the mechanism by which a court having venue and
> jurisdiction over the subject matter of an action asserts jurisdiction over
> the person of the party served.

Hukill v. Oklahoma Native Am. Domestic Violence Coal., 542 F.3d 794, 797 (10th
Cir. 2008) (internal quotations, brackets, and citations omitted).

At the outset, FNF points out OneBeacon represented to this Court in its
motion for default judgment that OneBeacon, or more precisely, Jaramillo, had
effected service upon FNF by personally serving "James Leslie, manager of York
Ranch, on April 10, 2010."  Dkt. #4, at 1.  To be sure, a corporation may be served
under Fed. R. Civ. P. 4(h)(1)(B) "by delivering a copy of the summons and of the
complaint to an officer, a managing or general agent, or any other agent authorized
by appointment or by law to receive service of process."  Directly contrary to its
*prejudgment* representations, however, OneBeacon now acknowledges *postjudgment*
that Jaramillo did not serve James Leslie in accordance with Rule 4(h)(1)(B).

5

Rather, OneBeacon asserts Jaramillo effected service upon FNF pursuant to Fed. R. Civ. P. 4(h)(1)(A), which in turn references Rule 4(e)(1). Rule 4(e)(1) provides for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Similar to Rule 4(h)(1)(B), New Mexico law provides that a corporation may be served "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." N.M. R. Civ. P. 1-004G.(1)(a). But unlike federal law, New Mexico law further provides that if a person described in subsection G.(1)(a) is unavailable, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." Id. R. 1-004G.(2). According to OneBeacon, "[u]nder the circumstances described by Deputy Jaramillo [in his second affidavit] . . . Mr. Thodey was in charge of the Defendant's office when service was made." Dkt. #15, at 8. "Therefore, the fact that James Leslie was not actually served is irrelevant." Dkt. #15, at 5.

Of course, Jaramillo's second affidavit of service, which squarely contradicts his first affidavit of service, in tandem with its opportunistic timing, raise serious questions as to the affidavit's veracity. Prejudgment, Jaramillo attests he personally served James Leslie, who OneBeacon described in its motion for default judgment as "manager of York Ranch." Dkt. #4, at 1. Postjudgment, Jaramillo attests he

6

personally served "Mr. Thodey, whose relationship to the person being served is Ranch Manager."  Dkt. #12-1, at 1.  Under such circumstances, the Court finds Jaramillo's second affidavit unworthy of belief apart from the acknowledged fact that Jaramillo actually handed the summons and complaint to "Mr. Thodey."  Instead, the Court finds the facts as represented in the affidavits of James Leslie and Michael Thode.  In his affidavit, James Leslie attests:

> 3.    The second "Affidavit of Service" states that Mr. Jaramillo left documents with a "Mr. Thodey" stating that Mr. Thodey is the "Ranch Manager."
>
> 4.    Mr. Thode (not "Thodey") is not an employee of FNF Properties, nor of any other related entities.
>
> 5.    Thode is not the "Ranch Manager" as stated in the affidavit of service.  I am the Ranch Manager.
>
> 6.    Mr. Thode's relationship with the ranch is that of an independent contractor, serving as a ranch hand on an as requested basis to do chores around the property.  He is not authorized to act on behalf of FNF Properties in accepting service of process.

Dkt. # 14-1, at 1.  Michael Thode similarly attests:

> 2.    I am not, and never have been, the Ranch Manager.  Jim Leslie is the Ranch Manager.  I work as a day laborer on the Ranch, doing chores, mainly gathering cows to be shipped, and in the spring, working with branding.   I am not authorized to accept official documents, and never told Mr. Jaramillo that I am authorized to accept such official documents.

Dkt. # 16-2, at 1.  Thode further attests:

> 3.    I have not lived on the Ranch, was not residing on the Ranch in April of 2010, and don't live there now, either.  I live in Pie Town, in the Blue Hills Subdivision.

    4.    When Jimmy Jaramillo came to the Ranch, he did not ask me my qualifications, responsibility or authority. He simply asked me my name, which I provided. That was it. I did not express to him my relationship with the Ranch in [any] manner.

Dkt. # 16-2, at 1. Based on the foregoing, the Court finds Thode was not "a person in charge" within the meaning of N.M. R. Civ. P. 1-004G.(2) for the purpose of effecting service under Fed. R. Civ. P. 4. Thus, the fact that Leslie was not actually served is not only relevant but determinative of FNF's motion.

III.

The Tenth Circuit has instructed that "judgment by default should not be entered without a determination that the court has jurisdiction over the defendant." Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997). A defaulting party does not waive defects in personal jurisdiction simply by failing to appear or respond:

When entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court exercises its responsibility to determine that it has the power to enter the default judgment.

Id. at 772 (internal quotations, ellipses, and italics omitted). Indeed, a principal reason behind the requirement contained in Fed. R. Civ. P. 4(l)(1) that a plaintiff make "proof of service . . . to the court" is so the court might determine its personal jurisdiction over a defendant, particularly in the event of default.

In its default judgment, the Court concluded it had personal jurisdiction over FNF, a conclusion necessarily based upon Jaramillo's representation in his first affidavit of service that he had personally served FNF's registered agent, James Leslie, with summons and complaint.  This was a misrepresentation of fact, honest or otherwise.[2]  James Leslie had not been personally served.  Therefore, the record at the time of the judgment's entry contained no factual basis to sustain the Court's conclusion that it had personal jurisdiction over FNF.  To this day, the default judgment remains based upon the Court's erroneous conclusion that it had personal jurisdiction over FNF which, in turn, is based on the erroneous finding that Jaramillo has personally served Leslie.  As such, the judgment is void.

Accordingly, FNF's motion to set aside the default judgment entered of record on June 28, 2010 (Dkt. # 14) is GRANTED.  The Clerk's entry of default against FNF entered of record on May 24, 2010 is VACATED.  Because FNF, through its counsel, has entered an appearance in this matter, service of process designed to notify FNF of suit is unnecessary.  FNF shall answer or otherwise respond to OneBeacon's complaint within thirty (30) days herefrom.  The Clerk of Court is

---

[2] Nothing in the record suggests OneBeacon sought to perpetrate a fraud upon the Court.  Yet, OneBeacon provides no explanation for the misrepresentation of fact contained in Jaramillo's first affidavit of service which ultimately led the Court on this wild goose chase.  If OneBeacon had simply extended a professional courtesy to FNF, an insured with whom OneBeacon had periodic correspondence, and phoned it prior to seeking a default judgment, this wasteful endeavor in which the Court and counsel are now engaged might have been avoided to the benefit of all involved.

directed to reopen this case and place it on the Court's active docket.

     SO ORDERED.

                    Entered for the Court,
                    this 17th day of November 2010


                    Bobby R. Baldock
                    United States Circuit Judge
                    Sitting by Designation.